**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **ROBERT STANLEY REED** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL HARLOW, et al.** | : | **NO.  09-3870** |


<u>**REPORT AND RECOMMENDATION**</u>


L. FELIPE RESTREPO                                                OCTOBER 9, 2009
UNITED STATES MAGISTRATE JUDGE


Before the Court is a Petition for Writ of Habeas Corpus filed by Robert Stanley Reed

pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated at the State Correctional

Institution in Mercer, Pennsylvania.  For the reasons which follow, the habeas petition should be

dismissed as time-barred.


PROCEDURAL HISTORY

On November 18, 1999, following a third jury trial in the Court of Common Pleas of

Lancaster County,[1] Reed was convicted of involuntary deviate sexual intercourse, aggravated

indecent assault, indecent assault, indecent exposure, and corruption of minors.  <u>See</u> Pa. Super.

Ct. Op. filed 4/27/07, at 1 (citing <u>Commonwealth v. Reed</u>, 858 A.2d 1280 (Pa. Super. 2004)

(footnote omitted) (unpublished memorandum)).  He was sentenced to nine to eighteen (9-18)

---

1.  Reed's first trial ended in a mistrial, and at the conclusion of his second trial, he was found
guilty, but on appeal the Superior Court of Pennsylvania reversed, concluding that trial counsel
rendered ineffective assistance.  <u>See</u> <u>Commonwealth v. Reed</u>, No. 732 MDA 2006, Mem. Op. at
2 n.1 (Pa. Super. filed Apr. 27, 2007) (citing <u>Commonwealth v. Reed</u>, 776 A.2d 295 (Pa. Super.
2001) (unpublished opinion), <u>appeal</u> <u>denied</u>, 784 A.2d 116 (Pa. 2001)).

years in prison, followed by seven (7) years probation.  See Pa. Super. Ct. Op. filed 4/27/07, at 1.

On January 10, 2001, the Superior Court affirmed the judgment of sentence, and the Supreme

Court of Pennsylvania denied allowance of appeal on August 16, 2001.  Id.  Reed did not file a

petition for certiorari in the United States Supreme Court.  See Hab. Pet. ¶ 9(f).

On August 14, 2002, Reed filed his first petition under Pennsylvania's Post Conviction

Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-46.  See Pa. Super. Ct. Op. filed 4/27/07, at 2.  On

June 17, 2003, the PCRA Court denied the petition, and Pennsylvania's Superior Court affirmed

the denial of PCRA relief on June 14, 2004.  Id.

On November 21, 2003, Reed filed a second PCRA petition, which was dismissed on

December 9, 2003, since the appeal of his first PCRA petition was pending in the Superior

Court.[2]  Id.; see also Hab. Pet. ¶ 11(b)(5)-(6).  Reed did not appeal this dismissal.  Id. ¶ 11(b)(7).

On March 16, 2005, Reed filed a third PCRA petition pro se.  See Pa. Super. Ct. Op. filed

4/27/07, at 2.  Counsel was appointed, and on August 4, 2005, counsel filed a motion to

withdraw from further representation.  Id.  Following a notice to petitioner of the Court's

intention to dismiss the case, the PCRA Court dismissed the petition as untimely on March 24,

2006.  Id. at 2-3; see also Hab. Pet. ¶ 11(c).  Shortly thereafter, counsel withdrew representation,

and Reed filed a notice of appeal on April 21, 2006.  See Pa. Super. Ct. Op. filed 4/27/07, at 3.

On April 27, 2007, finding the third PCRA petition untimely and that none of the exceptions

delineated in the PCRA applied, the Superior Court affirmed the dismissal of the PCRA petition

as time-barred.  Id. at 8-9.

---

2.  The second PCRA petition was also found to be untimely.  See Commonwealth v. Reed, No.
2652-1997, Mem. Op. at 2 n.6 (C.P. Lancaster County June 13, 2008).

Reed filed a fourth PCRA petition on June 19, 2007.  See Commonwealth v. Reed, No. 1293 MDA 2008, Mem. Op. at 2 (Pa. Super. filed Aug. 6, 2009); Common Pleas Ct. Op. filed 6/13/08, at 2.  Following a notice to petitioner of the Court's intention to dismiss his petition, on June 13, 2008 the PCRA Court dismissed the petition as untimely.  Id. at 8; see also Pa. Super. Ct. Op. filed 8/6/09, at 2.  Reed appealed the dismissal of his fourth PCRA petition, and on August 6, 2009 the Superior Court of Pennsylvania "affirmed the PCRA court's dismissal of Reed's [fourth] PCRA Petition as untimely filed based upon the PCRA court's well-reasoned Opinion."  Id. at 5; see also Hab. Pet. at 7-8.  On August 25, 2009, the Clerk of Court received this federal habeas petition, see Hab. Pet. at 1, and respondent thereafter filed his Answer thereto.


## DISCUSSION

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period of limitation on applications for writs of habeas corpus by persons in state custody.  See 28 U.S.C. § 2244(d)(1).  Pursuant to AEDPA, the limitation period begins to run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Here, in that the statutory exceptions to the general rule do not apply,[3] see 28 U.S.C. § 2244(d)(1)(B)-(C), the one-year period of limitation began to run when the judgment of conviction became final, id. § 2244(d)(1)(A).

The judgment of conviction became final in this case on November 14, 2001, when the time for filing a petition for certiorari in the U.S. Supreme Court expired.[4] See Kapral, 166 F.3d at 576 (the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the U.S. Supreme Court on direct review). Therefore, Reed had one year after that date, see Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002), cert. denied, 123 S. Ct. 1902 (2003), plus any time during which the period of limitation was tolled, to file a § 2254 petition. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The Third Circuit has held that "[t]he statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable

---

3. Reed does not (1) show an "impediment to filing [his petition] created by State action in violation of the Constitution or laws of the United States," (2) assert a constitutional right "newly recognized by the Supreme Court," or (3) present a claim predicated on facts that could not "have been discovered through the exercise of due diligence" prior to the date the judgment of sentence became final. See 28 U.S.C. § 2244(d)(1)(B)-(C).

4. On Reed's direct appeal, his petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on Aug. 16, 2001. See Pa. Super. Ct. Op. filed 4/27/07, at 1. Pursuant to Supreme Court Rule 13, he had 90 days after that date, or until Nov. 14, 2001, to petition for certiorari review in the U.S. Supreme Court. See Kapral v. United States, 166 F.3d 565, 571 n.3 (3d Cir. 1999).

tolling, a judicially crafted exception." Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)).  With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).

Thus, under the habeas statute as amended by AEDPA, the time during which Reed's first PCRA petition was pending in the Pennsylvania courts should not be counted in calculating the period of limitation.[5]  See 28 U.S.C. § 2244(d)(2); see, e.g., Swartz, 204 F.3d at 420.  Reed's first PCRA petition was filed on August 14, 2002.  See Pa. Super. Ct. Op. filed 4/27/07, at 2. Therefore, AEDPA's period of limitation was tolled from that date until July 14, 2004, when the time for filing a petition for allowance of appeal to Pennsylvania's Supreme Court expired.[6]  See Pa. R. App. P. 1113(a) (petition for allowance of appeal must be filed within 30 days of the Superior Court's Order).

However, since AEDPA's period of limitation had started running on November 14, 2001, when the judgment of conviction became final in this case, nine (9) months of the one-year period of limitation had elapsed by the time Reed filed his first PCRA petition on August 14, 2002.  See, e.g., Burns, 134 F.3d at 111.  Consequently, when the time for filing a petition for

---

5. Since Reed's second PCRA petition was filed and dismissed while his first PCRA petition was pending, see Pa. Super. Ct. Op. filed 4/27/07, at 2, the second petition had no tolling effect on AEDPA's period of limitation.

6. The Superior Court affirmed the denial of Reed's first PCRA petition on June 14, 2004.  See Pa. Super. Ct. Op. filed 4/27/07, at 2.

allowance of appeal to the Supreme Court of Pennsylvania expired on July 14, 2004, and the

period of limitation began running again, petitioner had three (3) months to file his § 2254

petition.  See Swartz, 204 F.3d at 419-20; Miller v. N.J. Dep't of Corrections, 145 F.3d 616, 617-

18 (3d Cir. 1998).

Reed did not file his federal habeas petition until, at the earliest, August 12, 2009,[7] nearly

five (5) years after the period of limitation **expired**.  Therefore, he failed to file his § 2254

petition within the one-year limitation period.  See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at

111.

Reed's third and fourth PCRA petitions had no tolling effect on the period of limitation

under § 2244(d)(2) because they were not "properly filed," see 28 U.S.C. § 2244(d)(2).  In Pace

v. DiGuglielmo, 125 S. Ct. 1807 (2005), the Supreme Court held that "[b]ecause the state court

rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is **not entitled**

**to statutory tolling** under § 2244(d)(2)."  Id. at 1814 (emphasis added); see also Merritt, 326

F.3d at 165 (holding that the Court was "**bound** by the state court's finding that [the petitioner's]

second PCRA petition was untimely") (emphasis added); Brown v. Shannon, 322 F.3d 768, 775

n.5 (3d Cir. 2003) (observing that a PCRA petition which was found by the Pennsylvania courts

as untimely filed may not be deemed "properly filed" within the meaning of § 2244(d)(2)), cert.

denied, 539 U.S. 948 (2003).  The Supreme Court further held: "When a postconviction petition

is untimely under state law **'that [is] the end of the matter'** for purposes of § 2244(d)(2)."

---

7.  In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se
prisoner's federal habeas petition is deemed filed at the moment he delivers it to prison officials
for mailing to the district court.  Here, Reed signed his habeas petition on Aug. 12, 2009.  See
Hab. Pet. at 11.  Therefore, he could not have delivered the petition any earlier than that date.

Pace, 125 S. Ct. at 1812 (emphasis added).

Similarly, in this case, where Reed's third and fourth PCRA petitions were found untimely under Pennsylvania law, see Pa. Super. Ct. Op. filed 8/6/09, at 5; Pa. Super. Ct. Op. filed 4/27/07, at 8-9; Common Pleas Ct. Op. filed 6/13/08, at 8, "that [is] the end of the matter" for purposes of § 2244(d)(2), see Pace, 125 S. Ct. at 1812, and this Court is "**bound** by the state court's finding[s]," see Merritt, 326 F.3d at 166 (emphasis added).  Therefore, Reed's third and fourth PCRA petitions were not "properly filed" for purposes of § 2244(d)(2), and did **not** toll AEDPA's period of limitation.[8]  See Pace, 125 S. Ct. at 1814; Merritt, 326 F.3d at 166; Brown, 322 F.3d at 775 n.5.

Even assuming arguendo that the third and fourth PCRA petitions were considered properly filed for purposes of § 2244(d)(2), his federal habeas petition would still be untimely. AEDPA's period of limitation began to run on November 14, 2001, when the judgment of conviction became final, and expired in October 2004, three (3) months after Reed's first PCRA petition was no longer pending.  See Swartz, 204 F.3d at 419-20; Miller, 145 F.3d at 617-18. However, Reed did not file his third PCRA petition until March 16, 2005, see Pa. Super. Ct. Op. filed 4/27/07, at 2, about five (5) months **after** AEDPA's period of limitation **expired**.  See, e.g., Burns, 134 F.3d at 111.  Thus, the third and fourth PCRA petitions could have had no tolling effect on AEDPA's limitation period under § 2244(d)(2).  See, e.g., Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (AEDPA's period of limitation was not tolled by state post-

---

8.  Although Reed's second PCRA petition was also found to be untimely, see Common Pleas Ct. Op. filed 6/13/08, at 2 n.6; supra note 2, and was not properly filed, the second PCRA petition would have no tolling effect in any event since, as explained, AEDPA's limitation period was tolled due to Reed's first PCRA petition which was pending at the time the second PCRA petition was filed and dismissed.  See supra note 5.

conviction petitions filed after the expiration of the limitation period), cert. denied, 535 U.S.

1034 (2002); Lomazoff v. Walters, 1999 WL 744331, at *3 (E.D. Pa. Sep. 23, 1999) (observing

that state petitions filed after the expiration of AEDPA's one-year period of limitation could have

no tolling effect).

      In that he failed to file his § 2254 petition within the one-year period of limitation and

statutory tolling is not warranted, absent equitable tolling, the habeas petition was not timely

filed.  See Miller, 145 F.3d at 617-18.  The Court of Appeals for the Third Circuit has held that

the federal habeas statute of limitations is subject to equitable tolling in only extraordinary

circumstances.  See Miller, 145 F.3d at 618.

      In Merritt v. Blaine, the Court of Appeals reiterated "the two general requirements for

equitable tolling: (1) that 'the petitioner has in some **extraordinary** way been **prevented** from

asserting his or her rights;' **and** (2) that the petitioner has shown that 'he or she exercised

**reasonable diligence** in investigating and bringing [the] claims.'"  Merritt, 326 F.3d at 168

(citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)) (emphasis

added); see Pace, 125 S. Ct. at 1814 (observing that a litigant seeking equitable tolling bears the

burden of establishing diligence and that "some extraordinary circumstance stood in his way").

"The law is clear that courts must be sparing in their use of equitable tolling."  See Jones, 195

F.3d at 159 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir.

1999)).  "Mere excusable neglect is not sufficient."  See Miller, 145 F.3d at 618-19.

      In this case, petitioner fails to allege circumstances which would warrant invoking the

sparing doctrine of equitable tolling.  It is noted that "[i]n non-capital cases, attorney error,

miscalculation, inadequate research, or other mistakes have not been found to rise to the

'extraordinary' circumstances required for equitable tolling."  LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005) (citing Merritt, 326 F.3d at 169); Fahy, 240 F.3d at 244.  Furthermore, petitioner's lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling.  See Jones, 195 F.3d at 160 (finding that equitable tolling is not applicable to a time-barred petition due to a petitioner's misunderstanding of AEDPA's requirements); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling").

Here, petitioner fails to allege circumstances which **prevented** him in some **extraordinary** way from filing a timely federal habeas petition.  See Lee v. United States, 2005 WL 1949441, at *5 (E.D. Pa. 2005) (citing United States v. Bruce, 2002 WL 31757938, at *1 (D. Del. Nov. 26, 2002)); United States v. Ramsey, 1999 WL 718079, at *2 (E.D. Pa. Aug. 26, 1999).  Moreover, **even if** Reed had alleged extraordinary circumstances preventing him from asserting his rights, he fails to allege circumstances indicating that he exercised **reasonable diligence**.  See, e.g., Pace, 125 S. Ct. at 1815; LaCava, 398 F.3d at 275; Schlueter v. Varner, 384 F.3d 69, 78 (3d Cir. 2004), cert. denied, 544 U.S. 1037 (2005).  He waited to file his habeas petition until nearly five (5) years after AEDPA's period of limitation **expired**.  He has not alleged facts sufficient to show that "the 'sparing' doctrine of equitable tolling" should be invoked in this case.  See Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (quoting Jones, 195 F.3d at 159), cert. denied, 540 U.S. 826 (2003); see also Brown, 322 F.3d at 774. Accordingly, since he failed to file his § 2254 petition within the one-year period of limitation, his petition should be dismissed as time-barred.  See Brown, 322 F.3d at 776; Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Under § 2253(c)(1), "an appeal may not be taken to the court of appeals" from the final order in a § 2254 proceeding "[u]nless a . . . judge issues a certificate of appealability ('COA')." 28 U.S.C. § 2253(c)(1)(A) (parenthetical added).  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the habeas petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-EL v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529 U.S. at 484.  Here, for the reasons set forth above and in light of the aforementioned authority, a reasonable jurist could not conclude that the Court would be incorrect in dismissing this petition as time-barred.  See Slack, 529 U.S. at 484.  Accordingly, the habeas petition should be dismissed, and a COA should not issue.

My Recommendation follows.

## R E C O M M E N D A T I O N

**AND NOW**, this 9th day of October, 2009, upon consideration of the Petition for Writ of

Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and respondent's Answer thereto, it is hereby

**RECOMMENDED** that the habeas petition be **DISMISSED** as time-barred and that a

certificate of appealability should not issue.[9]




 /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE




---

9.  Petitioner is advised that he may file objections to this Report and Recommendation.  See
Local R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate
rights.